[No. 22392. Department One. July 29, 1930.]

THORNTON GOLDSBY *et al., Appellants,* v. ROBERT STEWART *et al., Respondents.*[1]

*A. E. Dailey* and *Jesse H. Davis,* for appellants.

*O. Duncan Anderson* and *J. W. Dootson,* for respondents.

BEALS, J.—Plaintiffs, the owners of a brick building in the city of Everett, the upper story of which they had rented to a tenant who was conducting an apartment or lodging house therein, instituted this action against the sheriff of Snohomish county and two of his deputies, the commissioner of public safety of Everett and the chief of police of that city, for the purpose of recovering damages for injuries to the building alleged to have been caused by defendants in the course of the execution of a search warrant, which had been lawfully procured by defendants, directing the search of the premises in question for intoxicating liquor. The

[1]Reported in 290 Pac. 422.

search complained of was made March 8, 1928, plaintiffs alleging in their complaint that defendants destroyed and tore apart partitions in the building, tore up floors and casings, cut electric wires used for lighting the premises, and removed therefrom one of the entrance doors to the second floor, all to plaintiffs' damage in the sum of $209.20.

In their answer, defendants admitted making the search, but denied that they had damaged plaintiffs' building. Defendants Rasmussen and Stewart, the commissioner of public safety and the chief of police, respectively, of the city of Everett, admit in their answer that they removed a door from the building, and alleged affirmatively that they took possession of the same for the purpose of using it as evidence upon the trial of certain persons who, it was anticipated, would be charged with a criminal offense; that the door was subsequently tendered to plaintiffs, who refused to accept it.

The action was tried to the court sitting with a jury, and, upon the closing of the evidence, the court sustained motions made by defendants for the discharge of the jury and the dismissal of the action. From the judgment of dismissal, plaintiffs appeal, assigning error upon the denial of their motion for a new trial and upon the entry of the judgment.

Appellants argue that the trial court invaded the province of the jury and decided the case on disputed facts. On the other hand, respondents contend that appellants introduced no substantial evidence sufficient to warrant the jury in finding that appellants had suffered damage because of any acts of respondents. It must be admitted that, as to some phases of the case, the evidence introduced by appellants was unsatisfactory, and that, as to some of the alleged items of damage, the evidence did not clearly trace the same to

any acts on the part of respondents. Discussion of this evidence would not, however, be profitable, as, in our opinion, the judgment appealed from must be reversed and a new trial ordered, and we cannot at this time know what evidence will be offered at the next trial of the action.

In executing a search warrant, officers of the law should do no unnecessary damage to the property to be examined, and should so conduct the search as to do the least damage to the property consistent with a thorough investigation. *Luther v. Borden,* 7 How. (U. S.) 1; *Buckley v. Beaulieu,* 104 Me. 56, 71 Atl. 70, 22 L. R. A. (N. S.) 819. The matter of the method to be followed by the officers of the law in searching property is also discussed in 24 R. C. L., p. 708, § 11.

In this case, the officers who conducted the search testified that they did no appreciable damage to appellants' property, although they admitted removing therefrom the door, of the loss of which appellants complained. The testimony of the officers is clear, direct and positive, and might well have convinced the jury that the respondents were not liable to appellants in any sum whatsoever. On the other hand, the testimony introduced by appellants was not in all respects satisfactory, although tending to show that respondents, in searching the premises, had committed unnecessary damage thereto, and the one person who accompanied respondents in their search, appellants' tenant in possession of the premises, was not called as a witness, nor was her absence accounted for.

The trial court, however, in passing upon the credibility and weight of the testimony introduced by appellants, and in taking the case from the jury, committed error. It was for the jury to say whether or not respondents had, in searching appellants' property, unnecessarily damaged the same, and thereby rendered

themselves liable to appellants. Respondents admitted that they removed a door from the building and took the same away with them for the purpose of having it available for use as evidence in a prosecution which they expected would be instituted against some person, presumably appellants' tenant. It does not appear that any such prosecution was ever instituted, and the testimony introduced on behalf of appellants presented questions upon which appellants were entitled to go to the jury. The trial court seems to have been of the opinion that, if the door would have been admissible in evidence in a prosecution against a tenant in possession, respondents were, in law, justified in removing the same, and cannot be held liable to appellants for their act. The door contained a peephole which would enable a person within the building to look at people seeking admission without such person's being aware that they were observed. If we understand the record correctly, the door would undoubtedly have been admissible in evidence in a prosecution against the tenant in possession of the premises, but whether or not this of itself justified respondents in removing the same is a different question. If it should be held that they were so justified as a matter of law, a logical extension of the rule so laid down might, in certain cases, justify officers, in conducting a search, in removing well nigh an entire building, if, in their opinion, the portions removed would later be admissible as evidence in a criminal prosecution against a tenant.

We conclude that the trial court erred in ruling, as a matter of law, that appellants failed to present a case for the consideration of the jury, and the judgment appealed from is reversed with instructions to the trial court to grant appellants a new trial.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.