[No. 23625. Department One. July 15, 1932.]

THORNTON GOLDSBY et al., Respondents, v. ROBERT STEWART et al., Appellants.[1]

*Charles R. Denney, Chas. W. Jordan, J. W. Dootson*, and *O. Duncan Anderson*, for appellants.

*A. E. Dailey* and *Jesse H. Davis*, for respondents.

HERMAN, J.—Plaintiffs owned a brick building in the city of Everett. The second story of the building was rented to a tenant, who used it as a lodging house. Defendants were the sheriff of Snohomish county, two of his deputies, the commissioner of public safety of Everett, and the chief of police of that city.

The defendants, by virtue of a lawfully issued search warrant, conducted a search for intoxicating liquor in the premises occupied by the tenant. The premises contained a door equipped with a peeping device permitting an observer to look outside without being seen. This door was removed by the defendants and carried away, with the intention of using it as evidence in an action to be brought against the tenant. According to the contentions of plaintiffs and the evidence introduced in support thereof, the premises were dam-

[1]Reported in 13 P. (2d) 32.

aged by defendants in the conduct of the search and by the removal of the door.

The case was first tried in 1929, and resulted in a judgment for defendants entered by the superior court after a challenge to the sufficiency of the evidence. Upon an appeal, that judgment was reversed. The evidence in the case and the law applicable thereto are set forth in the opinion of the court in *Goldsby v. Stewart*, 158 Wash. 39, 290 Pac. 422.

The case again came on for trial in the superior court before a jury. A verdict in the sum of $209.20 was returned for plaintiffs, and from a judgment entered upon the verdict defendants have appealed.

The first assignment of error is:

"The court erred in continuing the action as against the defendants Jack Ryan and Jack Johnson, and in submitting the action to the jury as against said defendants and in entering judgment against said defendants."

This contention is based on the theory that, during the first trial, at the close of plaintiffs' case, a motion to dismiss certain of the defendants was sustained as to deputy sheriffs Ryan and Johnson, and that they were no longer in the case. Appellants contend that, through inadvertence, the clerk made a minute entry showing that a motion for the dismissal of these two appellants was made at the end of the entire case. The record contains nothing that would indicate to us that appellants Jack Ryan and Jack Johnson were in a different position than were any of the other appellants, so far as the previous trial is concerned. In our opinion, the trial court was correct when in the course of his ruling he said:

"The case will proceed as to all the defendants. There is nothing in the record here indicative of any defendant being in a different status than any of the others."

As is correctly stated in appellants' brief, assignments of error 2 and 3 "involve merely an interpretation of the court's opinion in the case of *Goldsby v. Stewart*, 158 Wash. 39, 290 Pac. 422." It is sufficient to here state that the trial court correctly interpreted that decision.

Appellants' fourth assignment of error is based upon the refusal of the trial court to give appellants' requested instructions numbered 1, 2 and 3. The proposed instructions contained incorrect statements of the law. Such parts of the proposed instructions as were correct were satisfactorily covered by the instructions given.

The last assignment of error is that the court erred in overruling appellants' motion for a new trial. The record discloses no errors of law committed to the prejudice of appellants. There is nothing to indicate the trial court abused its discretion in denying the motion for a new trial.

Affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and STEINERT, JJ., concur.